## ZIELINSKY v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8764. Decided Sept. 24, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

TRIAL.

(590 Ma) To save question of error, based upon alleged misconduct of counsel, court should be asked immediately upon commission of alleged error, either to instruct jury to disregard statement or application should be made to withdraw juror and at proper stage of proceedings, motion for mistrial should ensue. Failure to take this or similar action is equivalent to waiver.

Comment by counsel in argument upon time suit was brought, held not to constitute misconduct.

Error to Common Pleas.

Judgment affirmed.

Payer, Minshall, Karch & Kerr, Cleveland, for Zielinski.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

## STATEMENT OF FACTS.

This cause is here on error from the Common Pleas Court of Cuyahoga County, and it is sought to reverse the verdict of the jury which was in favor of the defendant, after all the evidence and instructions bearing thereon had been submitted to it. The verdict was signed by the entire panel of twelve.

The error charged is that the verdict is clearly and manifestly against the weight of the evidence; that counsel for defendant was guilty of misconduct, and that the verdict is contrary to law.

It appears that on April 5, 1924, at 8:30 in the morning, plaintiff was operating a motor truck and he was driving south on East 71st Street, and as he was turning to the east to enter Covert Avenue a collision occurred between his truck and the north bound street car, and a claim for damages of more than 15,000.00 is made.

SULLIVAN, PJ.

We proceed to examine the record, for the purpose of determining whether the verdict is contrary to the weight of the evidence.

From our review of the argument of able counsel for plaintiff in error, and the record, we do not see anything in the evidence that warrants a disturbance of the verdict, for the reason that it does not appear that there has been a grave misapprehension of the facts on the part of the jury, and it is not of such a character as to shock the senses.

The next ground of error charged is that the counsel for the railway company was guilty of misconduct by using in his argument the following language:

"Mr. Crawford: Now, you will find, I think, an explanation for some of the testimony that we have in this case right there on the back of the petition. This accident happened on the 5th day of April, 1924. This lawsuit was started on the 11th day of September, 1926, two years, almost two years and a half after the accident. It is now almost three years and a half after the accident."

Objection was made to these remarks and the following excerpt from the record shows the language of the objection and the action of the court:

"Mr. Coble: Your Honor, I object to this comment Mr. Crawford is making just now. There is no evidence as to anything of this nature at all. The comment is upon the time the suit was brought and so forth. I object to it.

The Court: Objection overruled.

Mr. Coble: Exception."

It is the unquestioned authority in Ohio that in order to constitute reversible error, based upon misconduct of counsel, effective action must be taken at the time of the alleged improper statement. Immediately upon the commission of the alleged error, the court should be asked either to instruct the jury to disregard the statement or an application should be made to withdraw a juror and at the proper stage of the proceedings a motion for mistrial should ensue. Unless such, or similar steps are taken, it is our judgment that the inaction is equivalent to a waiver. However, considering the language of the alleged misconduct intrinsically, it is our conclusion that it does not reach beyond the pale of proper argument.

In the latitude which the authorities allow in argument before juries, in heated litigation, there is no rule of law which would make the language used, under all the circumstances of the record, misconduct.

We have examined the other questions of error raised by the brief of able counsel for plaintiff in error, and we see no error which would warrant the reversal of the judgment below, with respect to those assignments, or the other assignments of error herein discussed.

(Vickery, Levine, JJ., concur.)