## SLABAUGH v FELTY

Ohio Appeals, 2nd Dist, Franklin Co

No 1665. Decided Feb 21, 1929

Hon. F. S. Monnett, Columbus, for Slabaugh.

Thomas H. Clark, Columbus, for Felty.

HORNBECK, J.

Several claims of error are asserted by the plaintiff in error. Two only are urged.

First:—Failure of the Trial Court to incorporate in his general charge two special charges requested by plaintiff **after argument** to the jury.

Second:—Misconduct of counsel for defendant in argument to the jury.

If this charge is a correct exposition of the law of the case the Court did not have to give it verbatim, but by the authority of **Elias Rheinheimer vs. The Aetna Life Insurance Co., 77 OS., 360,** it was sufficient if in substance it was carried into the general charge. This the trial court did.

The second special charge requested was:

"A misrepresentation of the price by the seller to enable the seller to effect the sale of the property, that the seller had paid for said property, and if such representation was believed by the buyer and acted thereon, is a fraud upon the buyer."

This charge was properly refused. It is contrary to the theory of plaintiff's lawsuit. It is based on an assumption of a relationship between plaintiff and defendant of buyer and seller, whereas the claim of the plaintiff is grounded on the relationship of principal and agent. The gist of his action is fraud in the inducement by the agent of his principal growing out of the confidential capacity in which defendant was operating. The defendant in no view of plaintiff's case could have been the seller. He was the buyer, the alter ego for the plaintiff. Plaintiff did not claim that Mrs. Lowe, who was the seller, made any misrepresentations. To have given this charge would have changed the foundation upon which plaintiff based his cause.

During the argument to the jury counsel for defendant employed this language:

"Mr. Monnett has gotten rich on suits like this. For thirty years he has been getting rich on just such suits as this."

To these statements counsel for the plaintiff objected at the time they were made. The court took no action. No exception was noted nor request made that the statements be withdrawn from the jury and it be admonished to disregard them.

It is claimed by plaintiff in error that these remarks constituted misconduct and the failure by the Court to withdraw them from the attention of the jury was prejudicial error. Nothing appears in the record which would justify the remarks; they are conceded by counsel who made them to have been improper and so characterized by the trial court.

Defendant in error insists that in the absence of exception following the objection to the statements and a motion to withdraw them from the jury, the matter is not properly presented for consideration by the reviewing court.

We are of the opinion that the proper and approved practice in a situation such as here presented, is for counsel to object to the improper remarks and request the Court to withdraw them from the attention of the jury and to admonish it to disregard them, if the Court fails or refuses so to do, to note an exception to the ruling at the time.

This procedure is but fair to the trial court because it is common knowledge of those experienced in the trial of cases that it does not follow that every time a lawyer interposes an objection he expects or desires to take exception to the ruling thereon. The Court has a right to and should be put on notice.

The rule which obtains in the admission of evidence that when counsel objects to a question propounded to a witness, if the witness is permitted to answer, he must follow up with a motion to strike, is sound and there is no good reason why such procedure should not be followed if error is to be predicated upon misstatements of counsel to a jury. Such procedure would have been apropos in the instant case and no doubt would have brought about action of withdrawal and admonition. This is indicated by the statement of the trial judge who in passing on the motion for a new trial said the occurence complained of took place so quickly and was so soon over, that he was of opinion that it was less harmful to let it go unnoticed than to enter the argument and admonish the jury. Counsel for plaintiff may have felt the same way at that time. It is only proper that if he believe the statement prejudicial that he protect his record then and there.

We find support for our position in **Scott vs. State, 107 OS., at page 490:**

Scott vs. State was a criminal prosecution and the statements objected to made by the Prosecuting Attorney. It is therefore probable that the Court subjected them to a test as severe as any which could be asserted in a civil proceeding. See also **Zielinsky vs. Cleveland Railway Company, The Ohio Law Abstract, November 3rd, 1928. (6 Abs 636).**

We are not unmindful that the Supreme Court has said that the obligation resting on the trial judge is not merely discretionary when counsel grossly abuses his privilegge of argument to the manifest prejudice of the opposite party and that it is the duty of the Court to interpose and admonish the offending counsel and to instruct the jury in regard thereto; and if not done, if the matter is properly brought to the attention of a reviewing court, it is ground for a new trial. **Hayes vs. Smith, 62 OS. 161.** This case presented a course of conduct by counsel which was aggravated, persistent and continued. Objections were made, some of which were followed by exceptions, others were not. To all of this misconduct the Court turned a deaf ear.

The case of **The Ohio & Western Pennsylvania Dock Company vs. Isaac Trapnell, 88 OS., at page 521** sets forth the test which this Court has applied in many cases touching alleged misconduct of counsel in argument to a jury.

The trial court in the case under consideration was best qualified to weigh the effect of the improper remarks in the light of all the attendant circumstances of the trial.

Some latitude must be given to the ability of a jury to disregard statements which obviously have nothing to do with the merits of the case; which relate to counsel for a party and not to the party.

The statement here was but a desultory remark; not a part of a general offensive course of conduct.

There is sufficient evidence in the record to sustain the verdict, if the jury believed

the witnesses for the defense, which it had a right to do, independent of any possible prejudice induced by the statement of which complaint is made.

So that, although we hold that we are not bound to do so, passing on the alleged error in the misconduct of counsel for defendant, we find nothing manifestly prejudicial therein.

The judgment of the lower court will be affirmed.

Kunkle, PJ, and Allread, J, concur.