## WEIDNER et v PENNSYLVANIA RAILROAD CO.

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1573. Decided June 14, 1940.

Nicholas P. Nolan, Pros. Atty., Dayton; E. E. Duncan, Asst. Pros. Atty., Dayton, for plaintiffs-appellants.

Matthews & Matthews, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiffs' appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

On January 1, 1938, plaintiffs filed their petition in the Court of Common Pleas of Montgomery County, Ohio, against the defendant Railroad Company, seeking to recover the sum of Three Hundred, Twelve and Forty One Hundredths Dollars ($312.40), together with One Hundred per cent (100%) penalty, as provided by §7149 GC, making a total sum of Six Hundred, Twenty-six and Eighty One Hundredths Dollars ($626.80), the cause of action arising allegedly under §§7146 and 7149 GC.

In substance §7149 GC obligates certain entities, including steam railroads, to destroy or cause to be destroyed certain enumerated and all other noxious weeks growing or being cut within the limits of its right-of-way, between such days as are specified in §7146 GC. This section further provides that "in default thereof, and for five days thereafter, the trustees of a township through which such road passes, shall cause it to be done, and shall have a right of action against such toll, steam or electric road company for the amount of such work, with 100% penalty, and costs of action, to be recovered before any justice of the peace of such county."

Defendant filed demurrer to plaintiffs' petition on the ground that the Common Pleas Court did not have jurisdiction of the subject matter of the action.

The trial court sustained the demurrer and the plaintiffs, not desiring to plead further, the court dismissed the petition at plaintiffs' costs.

This is the final order from which plaintiffs prosecute their appeal on questions of law.

Apparently, the trial court predicated its finding and judgment on the following words as contained in the above quoted portion of §7149 GC: "To be recovered before any justice of the peace of such county."

Plaintiffs appeal now presents to us this identical question.

Is it proper to construe the above quoted portion of §7149 GC, to give exclusive jurisdiction to each and every justice of the peace within the county, regardless of the amount sought to be recovered?

The general provisions conferring jurisdiction on justices of the peace are found in §10226 GC, which reads as follows:

"10226. **As to amount.** Under the restrictions and limitations provided in this chapter, justices of the peace shall have exclusive original jurisdiction in civil actions for the recovery of sums not exceeding one hundred dollars, and concurrent jurisdiction with the court of common pleas in sums over one hundred dollars, and not exceeding three hundred dollars."

The general provision covering jurisdiction of the common pleas court is found in §11215 GC, which reads as follows:

"11215. **Jurisdiction in civil cases.** The court of common pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace; and appellate jurisdiction from the decision of the county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil cases, subject to the regulations provided by law."

**Art. IV, Sec. 4, of the Ohio Constitution** reads as follows:

"The jurisdictions of the courts of common pleas, and of the judges thereof shall be fixed by law."

While courts of common pleas are generally spoken of as courts of general jurisdiction, this designation is due to the fact that the Legislature, acting under the provisions of the Constitution, has so provided. The Legislature has the exclusive power to confer jurisdiction. It likewise has the power of taking away. The Legislature also has the power to prescribe jurisdiction of justices of the peace. In the past it has always been the Legislative policy to limit the jurisdiction of justices of the peace to small amounts, giving exclusive jurisdiction in sums of $100.00, and concurrent jurisdiction up to $300.00.

Sec. 7149 GC makes no reference to the limit in amount, as provided in §10226 GC, nor does it make any reference to §11215 GC, which confers original jurisdiction on common pleas courts in all cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace.

The last paragraph in the section provides that the trustees of a township through which the road passes, if there is default as to the provision of this section or §7146, shall do the act therein provided, namely, destroy weeds or other growth specified in the sections and thereupon "shall have a right of action against such toll, steam or electric road company for the amount of such work, with one hundred per cent penalty, and costs of action, to be recovered before any justice of the peace of such county".

There can be no doubt that the Legislature had the authority to vest justices of the peace with jurisdiction to enter judgment for the amount of the work together with the penalty prescribed in the section. It must also be presumed that the Legislature in enacting the section had knowledge and took cognizance of the political subdivision over which and the amount of which the justices of the peace had general jurisdiction. It likewise is apparent that there would be many instances where the amount of the work done by the trustees under the section, together with the penalty, would exceed the sum of $300, the extent of the general jurisdiction of the justice of the peace. With this, then, in mind the Legislature has done three specific things. First, it enlarged the territorial jurisdiction of the justices of the peace in the language that the amount of the work and penalty could be recovered before any justice of the peace of such county. Secondly, it vested the right of recovery in one court only, namely, the justice of the peace, and there is nothing in the section to limit the amount of the judgment to conform to the general jurisdiction. Finally, the statute contemplates the inclusion in the judgment of the one hundred per cent penalty. This is extraordinary jurisdictional authority which without statutory support would not exist either in the justice of the peace or in the common pleas court.

If the justice of the peace does not have jurisdiction to assess the penalty under all conditions then the common pleas court would have no such jurisdiction because penalties may only be assessed upon specific authority.

The jurisdiction vested in the justice of the peace by the section under consideration may be read as an exception to the general jurisdiction as provided by the other sections of the Code and both may be given full meaning and effect. If this section is not interpreted as its language requires, then not only is the right to assess a penalty taken from the justices of the peace but it is taken out of the statute. The purpose of the Legislature seems to be well defined, to vest in any justice of the peace of the county jurisdiction, to entertain causes of action arising under the section and to enter judgment in any sum representative of the work done by the trustees, together with the one hundred per cent penalty.

We are in accord with the judgment in the trial court and with the reasons therefor as set out in the written opin-

ion which is with the papers in the case. ·

Costs in this court are adjudged against the appellant.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.