## O'DONNELL v. GREAT NORTHERN RY. CO.

No. 30640.

United States District Court
N. D. California, S. D.

June 21, 1951.

591

often stated. No useful purpose would be served by repeating it.

There is substantial evidence in this case from which the jury could find that plaintiff had an expectancy in excess of 16 years. Defendant argues that, taking plaintiff's present earnings of approximately $4,000 a year as a basis, less income taxes, future estimated earnings could not exceed $43,-963.50 in present values.

Plaintiff urges that his true basic earnings at time of injury sued for was in excess of $5,100 a year, and that the record would support a finding for future earnings of a present value of $88,936.

Both plaintiff and defendant use 3% as a reasonable rate in determining present worth of future earnings. Defendant deducts $538 Federal income tax from the future yearly earning, and also deducts $1,100 from earnings based on plaintiff's testimony that he did not work "two or three" months a year due to a pollen allergy in the section of the country where he worked. This explains the difference in the results arrived at by plaintiff and defendant on the present value of future earnings.

█ There is no authority for deducting income tax at an estimated liability, in determining present value of future earnings. The jury was not so instructed. Defendant requested the Court to so instruct. No exception was taken to the refusal of the instruction.

█ While there is a sharp conflict in the medical testimony, there is substantial evidence plaintiff is totally and permanently incapacitated from working at any gainful occupation. Under the record I do not agree with defendant that the jury was bound to have deducted, as to future earnings, time each year when plaintiff is afflicted with a pollen allergy. The allergy was not only seasonal but locational.

█ It is our conclusion there is testimony in this record that will support a finding of at least $50,000 for loss of future earnings at their present value.

Plaintiff was injured on November 15, 1950. He has as of time of trial a loss in excess of 21 months for past earnings at

Herbert O. Hepperle, San Francisco, for plaintiff.

Dunne, Dunne & Phelps, San Francisco, for defendant.

HULEN, District Judge.

The sole issue urged by defendant in support of its motion for a new trial is that the verdict of the jury in favor of plaintiff, assessing damages at $65,000, is excessive.

The law governing the trial judge in passing on this character of issue has been

$425 a month, or $8,925. Medical, hospital and doctor bills at time of trial were $3,431.83.

The issue on this motion seems to resolve into a simple one. If we take defendant's figure of $43,963.50 of loss of future earnings, plus loss of past earnings and medical expenses, there is a total of $56,320.33. Can the difference in this figure and the verdict, of approximately $10,000, be accounted for by substantial testimony of reasonable loss or fair compensation due plaintiff for injuries due to the 1950 accident?

True, as defendant argues, plaintiff had a record of past disability from an old injury, of pollen allergy, and was of a nervous, irritable disposition. But he was steadily employed by virtue of having been certified as physically able by defendant's examining physician. Now, according to plaintiff's testimony he is not only totally and permanently disabled but afflicted with a mental condition that has destroyed his peace of mind when he is not confined for treatment for a mental disorder. A totally and permanently physically disabled man is a far more fortunate individual than one who must look forward to periods of confinement for mental disability.

The record also recites that defendant has suffered a great deal of mental anguish and physical pain due, according to plaintiff's testimony, to the November 14, 1950, accident.

The jury impressed me as very conscientious during the trial and during their deliberations. Their conduct gave strong indication of study and care to arrive at a just verdict, according to their evaluation of the testimony. The jury received the case at 10.30 A.M. At 2:00 P.M. they requested certain exhibits. They returned their verdict at 6:50 P.M. At no time did they indicate inability to arrive at a verdict. On the contrary they indicated during the afternoon that they would reach a verdict but might need two more hours to do so. Defendant has no basis to urge that the verdict is the result of passion or prejudice or contrary to the charge of the Court. Defendant does not so argue.

 The testimony by defendant's doctors was in sharp conflict with that of plaintiff's doctors. Had the jury decided that the testimony of plaintiff's doctors should be rejected and to return a verdict based on defendant's testimony, the verdict would have been quite different. The record in this case, like a great many personal injury cases, would support a wide range in the amount awarded as damages. But these are matters exclusively within the province of the jury, absent a showing of passion, prejudice or disregard of the Court's instructions.

We conclude the verdict is supported by the evidence and there is no showing of error in the amount assessed by the jury or in the manner or motive in arriving at the verdict by the jury.