Hast, J.
Section 104, Title 26, U. S. Code, provides as follows:
“(a) In general — Except in the case of amounts attributable to (and not in excess of) deductions allowed under Section 213 (relating to medical, etc., expense) for any prior taxable year, gross income does not include—
e (# # #
“(2) the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness * * (Italics supplied.)
At the close of all the evidence the defendant requested the court to charge the jury as follows:
“I charge you as a matter of law that by virtue of the Internal Revenue Act of 1954, any amount received by the plaintiff as compensation for personal injuries is exempt from federal income taxation, and you must take this fact in consideration in arriving at the amount of your verdict in this case.”
The trial court refused to give this requested charge. The defendant claims that such refusal is reversible error.
This court has heretofore held that “where an accurate statement of law is embodied in a timely requested written charge and such charge is pertinent to issues raised and ap *283 plicable to the particular state of facts to which it is intended to apply, a mandatory duty devolves upon the court to give it in the form tendered.” Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 168, 93 N. E. (2d), 672. See, also, Section 11420-1, General Code (Section 2315.01, Bevised Code); Bartson v. Craig, an Infant, 121 Ohio St., 371, 169 N. E., 291.
The sole question then before this court is whether the requested charge was pertinent to the issues and was applicable to the particular state of facts proved in the instant case.
Apparently only two of the Supreme Courts of the states have passed on this specific question. In the case of Dempsey v. Thompson, Trustee, 363 Mo., 339, 251 S. W. (2d), 42, the Supreme Court of Missouri held that a requested instruction on income tax under like circumstances was proper. The court in its opinion said:
“Present economic conditions are such that most citizens, most jurors, are not only conscious of, but acutely sensitive to, the impact of income taxes. Under the federal and state income tax laws of both Arkansas and Missouri the net income of all persons is taxable except such as is specifically exempted. New persons, other than those who have had special occasion to learn otherwise, have any knowledge of the exemption involved in this case. It is reasonable to assume the average juror would believe the award involved in this case [would] be subject to such taxes. It seems clear, therefore, that in order to avoid any harm such a misconception could bring about, it would be competent and desirable to instruct the jury that an award of damages for personal injuries is not subject to federal or state income taxes. * * *
“Can there be any sound reason for not so instructing the jury? We can think of none. Surely, the plaintiff has no right to receive an enhanced award due to a possible and, we think, probable misconception on the part of a jury that the amount allowed by it will be reduced by income taxes. Such an instruction would at once and for all purposes take the subject of income taxes out of the case. ’ ’
In the case of Hall v. Chicago & Northwestern Ry. Co., 5 Ill (2d), 135, 125 N. E. (2d), 77, a personal injury action, the *284 Supreme Court of Illinois held that “the incident of taxation is not a proper factor for a jury’s consideration, imparted by either oral argument or written instruction,” and that “it introduces an extraneous subject, giving rise to conjecture or speculation.” To the same effect see Wagner v. Illinois Central Rd. Co., 7 Ill. App. (2d), 445.
In the case of Stokes v. United States, 144 F. (2d), 82, in which damages were sought for injuries sustained upon the bursting of a defective fly wheel and involving loss of earning capacity of the injured plaintiff, the court held that there was no error in refusing to make a deduction from the damages for income taxes as to the estimate of expected earnings, such deductions being too conjectural.
In the case of Combs v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co. (Iowa 1955), 135 F. Supp., 750, a personal injury action, the defendant requested that the jury be charged that any allowance of damages to the plaintiff would not be subject to income taxes. The requested charge was refused, and the court held that a defendant in a personal injury action is not entitled to have the jury instructed as to such income tax consequences for the reason that future tax liability is subject to too many variables to be a matter of consideration in an award for future impairment of earning capacity.
In the case of O’Donnell v. Great Northern Ry. Co. (Cal. 1951), 109 F. Supp., 590, the court held that estimated future income tax is not deductible from the present value of future earnings, in fixing damages for personal injuries. See, also, Chicago & N. W. Ry. Co. v. Curl, 178 F. (2d), 497, 502.
In addition to the holding of the Court of Appeals in the instant case, two other Courts of Appeals of this state have made similar holdings, one of the Second Appellate District, Smith, Admr., v. Pennsylvania Rd. Co., 59 Ohio Law Abs., 282, 99 N. E. (2d), 501, and the other of the Eighth Appellate District, Pfister v. City of Cleveland, 96 Ohio App., 185, 113 N. E. (2d), 366.
In its general charge to the jury on the measure of damages in the instant case, the trial court said:
“In determining the amount you have a right to and should take into consideration plaintiff’s loss of earnings up to *285 the present time caused by and resulting from the accident and injuries, and the loss of such future earnings which you find with reasonable certainty he will suffer, and I say to you that in considering the loss of future earnings, the earning power of money should be taken into account by you and the amount awarded for future earnings should be reduced to its value as a lump sum payable at present. ’ ’
This court is of the opinion that the charge of the court on that subject correctly states the law, and, that being true, there is no reason why the charge requested by the defendant should have been given, since the effect would be to give the jury license to disregard the charge on the measure of damages already given.
In view of the state of the law as reflected by the authorities hereinbefore cited and the logic of the situation in the instant case, this court finds that the trial court committed no error in refusing to give the requested charge here involved.
Perhaps it should be noted that this case does not present the question as to what a trial judge’s response should be if and when the jury asks him whether it should consider the matter of income tax.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Bell and Taet, JJ., concur.