Matthias, J.
 

 Tbe requested charge was a correct statement of tbe law as announced by this court in
 
 Interurban Ry. & Terminal Co.
 
 v.
 
 Hancock,
 
 75 Ohio St., 88, 78 N. E., 964, 6 L. R. A. (N. S.), 997, 116 Am. St. Rep., 710, 8 Ann. Cas., 1036, and the provision of Section 11447, General Code, respecting instructions to tbe jury before argument
 
 *306
 
 in civil cases, is mandatory.
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94. But it is contended that the trial court did not err in withdrawing such requested charge from the jury, nor in refusing to instruct the jury upon the issue of contributory negligence, for the reason that there was no evidence in the case upon which such instruction could be properly based. It is urged that the only evidence in the record on the subject supports the claim of the plaintiff that the injury complained of occurred as a result of the rapid operation of the car over a rough piece of track; that “the car fell into a hole,” and thereby the right arm of the plaintiff, which theretofore had been resting on the window sill, “was thrown out of the window.”
 

 The theory of the defense was that the plaintiff’s arm was not “thrown out of the window,” but, on the contrary, that plaintiff was seated in the car with his arm carelessly and negligently extended out of the open window, and that such act was the cause of the injury.
 

 The question thus presented is whether the record discloses any evidence from which such inference could reasonably be drawn, or any evidence which reasonably tends to develop the issue of contributory negligence, for, if it does, it was the clear duty of the court to charge upon such issue.
 
 Bradley
 
 v.
 
 Cleveland Ry. Co.,
 
 112 Ohio St., 35, 146 N. E., 805.
 

 It is true that the plaintiff testified directly that his arm was not extending beyond the body line of the car, and it is true that there was no other eyewitness to the accident. In fact, he was not a witness ; that is, he did not see the contact, for he was
 
 *307
 
 looking in another direction, and the first intimation he had that anything was wrong was when his elbow was struck by the passing car. The testimony offered by the defense tended strongly to show the improbability of the injury having occurred in the manner claimed by the plaintiff, and to support the theory of the defense that the arm was not “thrown out of the window,” but was carelessly projected out of the open window by plaintiff. That evidence was, in substance, that the car was running slowly; that there was no unusual or violent swaying of the car at the time of the accident; and that there was no collision with any passing car or other object. The reasonableness of the statement of the plaintiff, if not his veracity, was challenged by these and other circumstances shown in the evidence which tended to support the charge of contributory, if not sole, negligence of plaintiff as the proximate cause of the injury. If a reasonable inference may be drawn from the evidence tending to support the claim of the defendant, and to support its theory of the case, it is the duty of the court to submit such issue to the jury under proper instruction, for it is the function of the jury to draw inferences from the evidence adduced and to find ultimate conclusions of fact.
 

 The court, in the general charge, properly instructed the jury that the burden was upon the plaintiff to show by a preponderance of the evidence that the injury occurred in the manner charged by him, before he could recover, but that the defendant was entitled, upon request timely made, to have the alternative proposition stated to
 
 *308
 
 the jury that, if they found the injury resulted from the act of the plaintiff in needlessly projecting his arm beyond the body line of the car, he would not be entitled to recover from the defendant for the injury sustained; and, a request having been made before argument, which correctly stated the law applicable and was pertinent to one or more issues of the case, it was error for the court to refuse to give such charge before argument, which error was accentuated by the refusal to give the substance of such request to the jury in the general charge.
 

 Judgment reversed.
 

 !
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.