Matthias, J.
 

 The single question presented by the record is whether the instruction requested relative to contributory negligence and given before argument was erroneous. That instruction is almost identical in terms with that involved in the case of
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94, which was unanimously held to be a correct statement of the law, although preference for a dif
 
 *374
 
 ferent form of statement was expressed. The trial judge in that ease had refused to give the requested charge. A judgment for the plaintiff was affirmed by the Court of Appeals, but was reversed by this court for refusal to give the requested charge and for error in the general charge.
 

 Numerous authorities support the view that the requested instruction was a correct statement of the law of contributory negligence. The subject is discussed in 20 Ruling Case Law, 101, and 45 Corpus Juris, 979, and many cases are there cited where the question here presented has been considered and decided.
 

 The doctrine of comparative negligence has no application in this case. In this state it is limited to actions brought by an employee against his employer by virtue of the provisions of Section 6245-1, G-eneral Code. The essential element of contributory negligence such as to bar recovery by the plaintiff is not the comparative extent or degree of negligence. The test is rather whether the negligence of the plaintiff, whatever it be, caused or directly contributed to cause the accident and injury. Negligence on the part of the plaintiff, if it concur with the negligence of the defendant to directly cause the accident and consequent injury, will defeat recovery by the plaintiff. Whatever the degree, even though slight in comparison to the negligence of the defendant, if the fault of the plaintiff was operative, the plaintiff is concluded, regardless of the degree in which it was operative.
 

 The instruction requested in this case directed the jury that, if the plaintiff’s own negligence directly caused or contributed to cause the injuries
 
 *375
 
 complained of, the verdict should be for the defendant. Plaintiff’s negligence directly causing or contributing to cause his injuries does warrant a finding against him upon his claim for damages; and that is true regardless of the degree or extent, and hence, if it directly contribute in the slightest degree to cause the injury, it being a part of the direct cause, recovery by the plaintiff is not authorized.
 

 It is contended, however, that such instruction, though generally correct in an action to recover for negligence, was erroneous in this case for the reason that, plaintiff being a minor, it was essential that the instruction requested must be accompanied by a further instruction defining the term “negligence” as applied to a minor.
 

 In every negligence case the term “negligence” should be defined and the jury fully instructed with reference thereto. Such instruction was given in this case in the general charge, and no complaint is made in that regard. The fact that a different standard of care is required of a minor than of an adult was fully and correctly stated to the jury in the general charge, and the jury was admonished that it should follow the instructions of the court embraced in the general and the special instructions, and that, taken together, they constituted the law which should govern the jury in arriving at its conclusion.
 

 The instruction requested constituted a correct proposition of law. If counsel for the plaintiff desired a special instruction given before argument with reference to the standard of care required of a minor plaintiff, such requested instruction should have been presented. The instruction in question
 
 *376
 
 being one which correctly states the law, and being pertinent to one or more issues of the case, was such as to come within the purview of subdivision 5 of Section 11447, General Code. There has been some question as to the propriety of that provision under which a trial court is required, upon request before argument, to give an instruction presented upon a single proposition of law which is further emphasized by reason of being before the jury in its deliberations. Such criticism, however, must be addressed to the legislative body. That provision has long been a part of the trial law of this state, and it has frequently been held to be mandatory in character; hence, where the requested instruction meets the requirements above indicated, the trial court has no alternative, but must give it to the jury before argument.
 
 Village of Monroeville
 
 v.
 
 Root,
 
 54 Ohio St., 523, 44 N. E., 237;
 
 Cleveland N E. Elec. Rd. Co.
 
 v.
 
 Hawkins,
 
 64 Ohio St., 391, 60 N. E., 558;
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94;
 
 Cincinnati Traction Co.
 
 v.
 
 Kroger,
 
 114 Ohio St., 303, 151 N. E., 127;
 
 Lima Used Car Exchange Co.
 
 v.
 
 Hemperly,
 
 120 Ohio St., 400, 166 N. E., 364.
 

 The common pleas court was not in error in giving the requested instruction. The judgment of the Court of Appeals is therefore reversed, and that of the common pleas court affirmed.
 

 Judgment reversed and judgment of the court of common pleas affirmed.
 

 Kinkade, Robinson, Jones and Day, JJ., concur.