Matthias, J.
 

 The charge requested in writing to .be given before argument is conceded to be a correct statement of the law, pertinent to an issue in the case and the facts embodied therein supported by competent evidence.
 

 The provisions of the statute, Section 11447, General Code, that a requested instruction meeting the above requirements shall be given to the jury prior to argument, are mandatory. This principle has been announced in numerous cases, in which it has been further declared that the error of refusing to give such requested charge before argument is not cured by giving the same instruction in substance, or in terms, in the general charge. The statute confers upon parties in civil actions the absolute right to have instructions, presented in writing, given to the jury before argument, if so requested, provided the same be a correct statement of the law, pertinent to one or more issues, and applicable to evidence adduced in the case. A failure to comply with such mandatory provisions, and thus deny the right clearly and expressly granted, is reversible error.
 
 Village of Monroeville
 
 v.
 
 Root,
 
 54 Ohio St., 523, 44 N. E., 237;
 
 Cleveland & Elyria Elec. Rd. Co.
 
 v.
 
 Hawkins,
 
 64 Ohio St., 391, 60 N. E., 558;
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94;
 
 *594
 

 Cincinnati Traction Co.
 
 v.
 
 Kroger,
 
 114 Ohio St., 303, 151 N. E., 127;
 
 Lima Used Car Exchange Co.
 
 v.
 
 Hemperly, 120
 
 Ohio St., 400, 166 N. E., 364;
 
 Bartson
 
 v.
 
 Craig,
 
 121 Ohio St., 371, 169 N. E., 291.
 

 This statutory provision has long been in force and has been consistently held to be of a mandatory character. If the procedure thereby required is to be changed, it must come through a modification of the terms of the statute by the legislative branch of the government.
 

 The Court of Common Pleas committed error in refusing to give the requested instruction, and the Court of Appeals committed like error in its failure to reverse the judgment on the ground stated.
 

 There was evidence upon the question of the violation of speed regulations by the decedent, warranting the submission of that issue to the jury. Hence the motion for final judgment for the defendant was properly denied.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and .Stephenson, JJ., concur.