BROWN ET AL., COUNTY COMMISSIONERS, *v.* SCHUNK.

(Decided March 12, 1934.)

*Mr. Louis J. Schneider,* prosecuting attorney, *Mr. Walter M. Locke* and *Mr. I. Jack Martin,* for plaintiffs in error.

*Messrs. Renner & Renner,* for defendant in error.

LLOYD, J.   In the afternoon of April 19, 1928, the defendant in error, Milton Schunk, a boy about 14 years and 11 months of age, was walking home from school in an easterly direction along West Fork road.   When approximately nine-tenths of a mile westerly of West Fork's intersection with Snider road, he met Everett

Kissick, a boy friend 11 years of age, who lived on Snider road near the home of Schunk, and who was proceeding on his bicycle in a westerly direction. Both boys stopped, and, Schunk suggesting that they take a ride, they mounted the bicycle, Schunk, the larger and taller of the two boys—because, as Kissick said, "He could see over my shoulder better" and "I was afraid I could not make the turn off the West Fork Road"— sitting upon the seat to pedal the bicycle, and Kissick, the owner of the bicycle, sitting astride the bar of the frame thereof extending from the seat to the handlebars, with his hands grasping the handlebars immediately next to and on either side of the steering post to which the handlebars were attached. They then proceeded easterly on West Fork road, intending to turn to the right on Snider road. A concrete bridge on Snider road spans West Fork creek, and as the boys approached to within about 5 or 7 feet of this bridge, which is somewhat higher than and slopes toward the roadway, the bicycle left the road, either because of loose gravel on the highway or of the manner in which the bicycle was controlled and operated, striking the abutment wall which supports the south end of the bridge, the boys being thrown thereby over the wall onto the concrete base of the bridge, some 10 or 11 feet below. That there were no guard rails along the highway approaching this bridge, and failure to erect guard rails therealong, was the ground of negligence relied upon as the proximate cause of the injuries that Schunk sustained. Upon trial in the Court of Common Pleas Schunk was awarded a verdict of $6,000, and the county commissioners, as plaintiffs in error, ask this court to reverse the judgment.

The trial judge refused to give to the jury, in advance of argument, the following written instruction:

"I charge you that a joint enterprise within the law of imputed negligence is the joint prosecution of a

common purpose under such circumstances that each member of such enterprise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose.

"If you find from the evidence that plaintiff and Everett Kissick were engaged in a joint enterprise and that the negligence of either of them directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendants."

It is contended that this request was properly rejected for the reason that the record contains no evidence tending to show that these two boys were engaged in a joint enterprise and because the latter portion thereof incorrectly states the law in that the word "contributed" was not modified by the word "directly" or by the word "proximately".

The evidence discloses facts at least tending to show that these boys were jointly using the bicycle of Kissick, which was being pedaled by Schunk, for a joint and common purpose, that of taking a ride and going home, and that they were jointly operating or controlling the movements of the bicycle, in that Kissick sitting in front of Schunk, with his hands on the handlebars, had at least an incidental part in controlling its course, and by his posture had to assist in maintaining its equilibrium. It would seem that the jury might well have found that there was community of interest in the objects and purposes of these boys, and a right of mutual control of the bicycle upon which they were riding, which right had been exercised. The trial judge, therefore, should have instructed the jury as to the law applicable to this subject, and the Supreme Court, in *Bartson* v. *Craig*, 121 Ohio St., 371, 169 N. E., 291, having approved the words "directly caused or contributed in the slightest degree to cause", as used in the foregoing quoted instruction, the trial court in re-

jecting it committed error prejudicial to plaintiffs in error.

Over the objection and exception of counsel for plaintiffs in error, a physician was asked and answered the following question: "Q. What, in your opinion, is the effect of the boy's present condition as disclosed by your examination, upon the earning capacity? A. In my opinion the present condition of the boy is such that there is a loss of earning capacity of approximately 75 per cent." Two obvious reasons make this question and answer incompetent and irrelevant: First, the record does not show that Schunk had been emancipated by his father, and his earnings, if any, until his majority, would therefore belong to the father; and, second, the effect of his injuries on his earning capacity was an ultimate fact to be determined by the jury from the relevant facts in evidence. To permit this question to be asked and answered constituted error prejudicial to the plaintiffs in error.

It is also contended by plaintiffs in error that the judgment is manifestly against the weight of the evidence, especially as to the alleged contributory negligence of Schunk. Without detailing and analyzing the evidence on the subject, the court concludes that the verdict and judgment are manifestly against the weight of the evidence on the issue of contributory negligence.

Other than those above indicated, the court finds no error in the record prejudicial to plaintiffs in error. Because of the prejudicial errors to which we have called attention, the judgment is reversed, and the cause remanded to the Court of Common Pleas for a new trial.

*Judgment reversed and cause remanded.*

Williams and Sherick, JJ., concur.

Judges Williams and Lloyd, of the Sixth Appellate

District, and Judge Sherick, of the Fifth Appellate District, sitting by designation in the First Appellate District.