Matthias, J.
The issue to be determined by this court is whether the refusal to give the instruction constitutes reversible error.
The law of Ohio regarding the general question of special instructions before argument is well stated in the case of Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 93 N. E. (2d), 672. The fifth paragraph of the syllabus of that case states the general law as follows:
“Where, in a civil action, the court is requested to give a written special instruction to the jury before argument, which is linked to the parties to the action and which correctly states the law applicable and pertinent to one or more of the issues of the case and upon a subject which has not been covered by other special instructions before argument, a mandatory duty devolves upon the court to give such instruction in the form presented, and the failure to do so is reversible error.”
This statement of the law is essentially an affirmance of the rule as set out in the case of Washington Fidelity National Ins. Co. v. Herbert, 125 Ohio St., 591, 183 N. E., 537.
*4 Certain limitations have, however, been placed upon the general rule. In the case of Scott, Admx., v. Hy-Grade Food Products Corp., 131 Ohio St., 225, 2 N. E. (2d), 608, this court held, in the first paragraph of the syllabus:
“Although under the statute a mandatory duty devolves upon the court to give an instruction requested in writing before argument which contains a correct statement of the law pertinent to the issues involved and applicable to the particular set of facts to which it is intended to apply, such instruction must state the law clearly and correctly and be complete in itself. The court may properly refuse to give requested instructions before argument which are indefinite, uncertain or ambiguous, or otherwise misleading.” See, also, Deckant v. City of Cleveland, 155 Ohio St., 498, 99 N. E. (2d), 609.
Instructions to a jury should bring into view the issues in a case and show how the jury should apply the evidence in the various aspects developed at the trial and should state clearly and concisely the issues of fact and, the principles of law necessary to enable it to accomplish the purpose desired. 39 Ohio Jurisprudence, 893, Section 232.
“A requested instruction must be calculated to give the jury an accurate understanding of the law, having reference to the phase of the case to which it is applicable. It is, of course, not incumbent upon the trial court to give any requested instruction which is an erroneous statement of the law or is otherwise improper under the facts of the case. The trial court may properly refuse a requested charge which is unintelligible, incomplete, or argumentative, or which might prove misleading or confusing to the jury * # *.” 53 American Jurisprudence, 422, Section 525.
The trial court must charge the jury as to the de *5 gree of proof required of the person having the burden of proof.
In a criminal case the court must charge the jury as to proof “beyond a reasonable donbt” and is required to read the definition of this term as given in Section 13442-3, General Code (Section 2945.04, Revised Code). In certain types of civil cases the court must charge the jury regarding “clear and convincing” evidence and explain this term, or a similar one if used. In the majority of civil cases, an example of which is the instant case, the court must charge the jury regarding “preponderance of the evidence” and explain the term clearly and concisely.
The introduction of legal terms into an instruction which have no relationship whatsoever to the issues before the court would certainly confuse and mislead a jury. We fail to see the logic of an attempt to define a legal term, denoting quantum of proof, by simply mentioning that it is neither of two others.
Introduction of the terms, “reasonable doubt” and “clear and convincing evidence,” into a special instruction before argument defining “preponderance of the evidence” renders the instruction misleading and confusing to the minds of laymen jurors who are entitled to a definition of the latter term which is clear and concise.
Our view of the instruction under consideration can well be expressed by the following quotation from the opinion in Scott, Admx., v. Hy-Grade Food Products Corp., supra, 231:
“The proposed instruction * * * is not a clear, concise or complete proposition of law in concrete form applicable to the issues in this case. In the form presented, it would tend to confuse and mislead rather than aid and instruct the jury.”
We hold, then, that the terms, “beyond a reason *6 able doubt” and “by clear and convincing evidence,” have no application to the quantum of proof in this action, and reference thereto in a definition of “preponderance of the evidence” is misleading and confusing.
It follows that this special instruction was properly refused by the trial court, and that the judgment of the Court of Appeals should be and it, hereby, is affirmed.

Judgment affirmed.

Weygandt, *C. J., Hart, Zimmerman and Stewart, JJ., concur.
Bell and Taft, JJ., dissent.