MONTGOMERY, Plaintiff-Appellant, v. WERTNER, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2409. Decided June 14, 1957.

Robert W. Schroader, Dayton, for plaintiff-appellant.
Pickrel, Schaeffer & Ebeling, Dayton, for defendant-appellee.

(MIDDLETON, YOUNGER and GUERNSEY of the Third District, sitting by designation in the Second District.)

**OPINION**

By MIDDLETON, PJ.

This is an appeal on questions of law, from a judgment of the Court of Common Pleas entered for the defendant in an action for damages arising from a collision between an automobile and a motor-cycle.

The plaintiff assigns as error, the giving by the court of four special charges requested by the defendant, and the court's refusal to give a special charge requested by the plaintiff. No other error is set forth in plaintiff's assignments of error or argued in his brief.

The special charge requested by the plaintiff which the court refused to give, is as follows:

"I ·charge you that wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

"A vehicle shall be driven as nearly as is practicable, entirely within

a single line of traffic and shall not be moved from such line until the driver has first ascertained that such movement can be made with safety.

"The course of each single line of traffic is fixed by the course of the various vehicles and not by an imaginary line equidistant from the center line and the edge of the roadway or curb line in the direction of travel."

The first two paragraph of this request to charge were included in another special charge requested by plaintiff which was given by the court. It is readily apparent that the above request to charge is not linked to the parties and does not make any application of the legal principle set out in the charge, to the evidence in the cause on trial. As submitted, the request to charge merely states an abstract legal principle, and the court's refusal to give the charge was not error.

**Kohn, Admrx. v. B. F. Goodrich Co., 139 Oh St 141; Bradley v. Mansfield Rapid Transit, Inc., 154 Oh St 154 at page 168.**

In view of this holding it is unnecessary for the court to rule upon the correctness of the legal principle set forth in this charge.

Plaintiff contends the court erred in giving defendant's special instructions 8-9-11-14 in that the language of the requested charges relating to the defense of contributory negligence does not represent a correct statement of the law. In referring to the defense of contributory negligence, that part of the special charges of which the plaintiff complains, is as follows:

Charge No. 8.

"if you further find that said negligence contributed in the slightest degree as a proximate cause of the accident and injuries complained of, then plaintiff cannot recover."

Charge No. 9.

"if you find that such negligence existed and contributed in even the slightest degree as a proximate cause of said accident and plaintiff's injuries then plaintiff cannot recover and your verdict must be for the defendant."

Charge No. 11.

"If you find by preponderance of the evidence, that plaintiff was guilty of negligence, no matter how slight, which proximately caused or contributed in the slightest degree to cause said accident and plaintiff's injuries, you must find for the defendant."

Charge No. 14.

"If you find that such negligence existed and contributed in even the slightest degree as a proximate cause of said accident and plaintiff's injuries he cannot recover and your verdict must be for the defendant."

The Supreme Court has approved the use of the language "in the slightest degree," in charging on contributory negligence.

**Chesrown v. Bevier, 101 Oh St 282; Bartson v. Craig, 121 Oh St 371; Bradley v. Mansfield Rapid Transit, Inc., 154 Oh St 154.**

The plaintiff complains specifically of the use of the word "even" in charge number 9, and the phrase "no matter how slight" in charge number 11.

The court is of the opinion that these words complained of do not lessen or reduce the quantity or degree of plaintiff's negligence which, if found to exist, would defeat recovery by plaintiff. They are mere surplusage and do not add to or take away from the law covered by the charge, and while we do not approve of their use, we find no prejudicial error on the part of the court in giving special charges numbers 9 and 11.

Plaintiff's complaint of special charges numbers 12 and 13 is that they are a repetition of the propositions of law contained in the other special requests given, and that they assume negligence as a fact. This complaint is not well taken. The court is of the opinion that these special charges set out a correct statement of the law and are not repetitious. Without further extended comment, we find the court did not err in giving these special charges to the jury.

The judgment of the Court of Common Pleas is affirmed.

YOUNGER and GUERNSEY, JJ, concur.