FERGUSON et al., Appellants,

v.

CINCINNATI GAS & ELECTRIC CO. et al., Appellees.

[Cite as *Ferguson v. Cincinnati Gas & Elec. Co.* (1990), 69 Ohio App.3d 460.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890617.

Decided Sept. 19, 1990.

*Gerald Nuckols,* for appellants.

*Kohnen, Patton & Hunt, K. Roger Schoeni* and *Rob S. Hoopes,* for appellee Cincinnati Gas & Electric Co.

*McCaslin, Imbus & McCaslin* and *John M. McCaslin, Jr.,* for appellees Janyce Thompson Cruz and Southwest Ohio Regional Transit Authority.

*Per Curiam.*

Plaintiff-appellant, Carmaletha Ferguson, appeals from the trial court's order granting summary judgment against her on her claim alleging that defendants-appellees, Southwest Ohio Regional Transit Authority ("SORTA") and Cincinnati Gas & Electric Company ("CG & E"), negligently caused her to sustain personal injuries. The substance of her single assignment of error is that, despite the trial court's finding that she assumed the risk, plaintiff was entitled to have her negligence compared to the defendants' negligence as provided by R.C. 2315.19. The assignment of error is not well taken.

Plaintiff boarded a SORTA bus, which she had ridden daily for six months, and sat in the next to last seat. The window was open, and she rested her arm on the frame with her elbow extending, as she described it, no more than six inches outside the bus. She fell asleep, but suddenly awoke screaming because of severe pain caused by a fracture of her elbow. Although no witnesses, including plaintiff herself, actually saw what her elbow struck, both plaintiff and the bus driver concluded that her injuries could have only been caused as the bus passed by a leaning utility pole owned by CG & E and located adjacent to the street at the curb line.

In its written decision, the trial court granted summary judgment for SORTA and CG & E, employing the doctrine of primary assumption of the risk. We find, however, that the uncontradicted facts do not support the trial court's application of this defense.

■ The defense of primary assumption of the risk, as a matter of law, supposes that the defendant owes no duty to the injured plaintiff. It is an absolute bar to plaintiff's claim of negligence upon the proposition that some known risks are inherent in a particular activity or situation. Accordingly, the risk is not created by the defendant's negligence, but by the nature of the activity, such as when a spectator sitting in the unscreened seats at a baseball game is struck by a foul ball. See *Stanton v. Miller* (1990), 66 Ohio App.3d 201, 583 N.E.2d 1080; *Collier v. Northland Swim Club* (1987), 35 Ohio App.3d 35, 518 N.E.2d 1226. In such an instance the plaintiff enters into the relationship knowing that the defendant will not protect him against the risk.

■ By contrast, implied assumption of the risk involves a plaintiff who consents to or acquiesces in an appreciated, known, or obvious risk to his safety. *Wever v. Hicks* (1967), 11 Ohio St.2d 230, 40 O.O.2d 203, 228 N.E.2d 315. An example is an injury suffered by a plaintiff diving into a swimming pool. See *Stanton v. Miller, supra.* Under these circumstances, the pool owner or the manufacturer owes a duty of reasonable care because its negligence created the risks by implication. *Collier v. Northland Swim*

*Club, supra.* See Woods, Comparative Fault (2 Ed.1987) 134–135, Section 6.1; Prosser, Law of Torts (4 Ed.1971) 440, fn. 10. Unlike the absolute bar to liability under primary assumption of the risk, the Supreme Court has merged the defense of implied assumption of the risk with the defense of contributory negligence, thereby requiring it to be compared by the trier of the facts with the defendant's negligence. See R.C. 2315.19; *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 6 OBR 170, 451 N.E.2d 780.

■ The trial court erroneously concluded that the case *sub judice* was subject to the doctrine of primary assumption of the risk. Despite a common carrier's duty to exercise the highest degree of care consistent with its operation, a passenger is negligent, as a matter of law, when he extends his arm or body through the window beyond the side of the bus. *Cincinnati Traction Co. v. Kroger* (1926), 114 Ohio St. 303, 151 N.E. 127. However, the risk of injury to a passenger with his arm resting on the window frame is not so inherent as to relieve these defendants from any duty to the passenger. Such a rule, without regard to proximate cause, would bar all claims by the passenger, no matter how negligently the driver operated the bus or how negligently the utility pole may have been maintained.

■ While the trial court erroneously applied these concepts, it correctly concluded that plaintiff failed to establish a breach of duty. Therefore, the trial court properly granted defendants' motion for summary judgment based upon the uncontradicted facts in the answers to interrogatories, depositions, affidavits, and exhibits. Plaintiff acknowledges that there was no contact between any part of the bus and the utility pole. Furthermore, there is no suggestion that the driver left the travelled portion of the street or operated the bus in a negligent manner. Finally, plaintiff did not offer any regulation or rule prohibiting open windows or any fact to contradict the driver's statement that she was unaware that plaintiff's arm or elbow was outside the bus.

■ As to CG & E, the record does not demonstrate that the utility pole obstructed the travelled portion of the street even though it leaned into the street. Plaintiff's measurements relative to the height of the bus window and the height of a sign purportedly on the pole on the date of the accident fail to establish that the utility pole extended past the curb line and into the travelled portion of the street at the height of the window. Plaintiff's photographs are likewise inconclusive. Evidence that a utility pole is adjacent to the travelled portion of a street does not, without more, create an inference that the street was unsafe or reflect any breach of duty. See *Strunk v. Dayton Power & Light Co.* (1983), 6 Ohio St.3d 429, 6 OBR 473, 453 N.E.2d 604.

The mere happening of an injury does not create an inference of another's negligence. *Parras v. Standard Oil Co.* (1953), 160 Ohio St. 315, 116 N.E.2d 300. After reviewing the evidentiary materials presented by the parties in light of Civ.R. 56, we hold that no genuine issue of material fact remained for the trial court concerning breach of a duty by defendants. Therefore, SORTA and CG & E were entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ., concur.