OPINION
This appeal involves an electrician, plaintiff-appellant Robert A. Breitenstein, who was injured in July 1997 while working on a boom lift. At the time of the injury, Breitenstein was employed by Troy Electric, Inc., which was a subcontractor hired by defendant-appellee E.I. Du Pont De Nemours and Co. (Du Pont) to perform electrical upgrades at one of Du Pont's plants in Cincinnati. Defendant-appellee Grove U.S. L.L.C. (Grove) was the manufacturer of the boom lift.
Breitenstein's injuries occurred while the boom lift was supposed to be idling in neutral. The boom lift drifted slowly upward and pinned him against a cable tray.
Breitenstein brought suit against Du Pont, Grove, and Troy Electric, asserting various products-liability and negligence claims. The trial court granted summary judgment for all three defendants.
In his sole assignment of error, Breitenstein alleges that the court erred in granting summary judgment to Du Pont and Grove. (Breitenstein has not appealed the judgment in favor of Troy Electric.) Summary judgment is appropriately granted if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated, and that the evidence demonstrates that reasonable minds can only come to a conclusion that is adverse to the party opposing the motion.[1] Applying that standard, we hold that summary judgment was properly granted for Du Pont, but not for Grove.
 I. Du Pont
The trial court granted summary judgment to Du Pont for two reasons. First, it held that Du Pont owed no duty of care to Breitenstein. Second, it held that Du Pont was not liable due to assumption of the risk. Because we conclude that the court's first reason was correct, we express no opinion on the assumption-of-risk issue.
Ordinarily, a party who engages the services of an independent contractor to perform an inherently dangerous task is not liable for injuries sustained by the independent contractor's employees.[2] An exception exists if the party actually participates in the inherently dangerous task and negligently fails to eliminate a hazard to the independent contractor's employees.[3]
Here, Du Pont engaged the services of an independent contractor, Troy Electric, which employed Breitenstein. Our review of the record reveals no evidence that Du Pont controlled or participated in the work performed by Troy Electric at the plant where Breitenstein was injured — a genuine issue of fact does not exist in this respect. Thus, we hold that Du Pont was not liable for Breitenstein's injuries, and we affirm the judgment entered in its favor.
 II. Grove
The trial court granted summary judgment for Grove on the basis that Breitenstein had assumed the risk of his injuries as a matter of law. Assumption of the risk is a viable defense against an employee injured by a defective product in the workplace.[4]
To affirm the summary judgment on Breitenstein's products-liability claims based on assumption of the risk, we must conclude that Breitenstein voluntarily, knowingly, and unreasonably assumed the risk of using the defective boom lift.[5] On the negligence claims, we must conclude that the doctrine of primary assumption of the risk applied. The doctrine of primary assumption of the risk supposes that the defendant owes no duty to the injured plaintiff. It is based on the proposition that some known risks are inherent in a particular situation.[6]
Here, on the day before Breitenstein was injured, a co-worker noticed that the boom lift was drifting and told Breitenstein about it. But Breitenstein apparently was not aware of the extent of the problem. Breitenstein testified at a deposition regarding his reaction to his co-worker's statement that the boom lift was drifting: "I said, I don't see anything. He said, you can't, it's real hard to see * * *, but it's drifting." Then, regarding the next day, when Breitenstein was injured, Breitenstein explained that he attempted to leave enough clearance between his head and the cable tray. He explained that he leaned over to do some work while he was in the boom lift, and that, when he stood up, he realized that he no longer had any clearance between his head and the cable tray. At that point, his safety harness got caught in the cable tray in such a way that he was pinned and unable to turn the lift's power off. Breitenstein stated that, when he initially went up in the lift, he did not turn the lift's power off (which would have stopped the drifting) because he only intended to be up near the cable tray for a short period of time. He suggested that it was common for workers in boom lifts to leave the power on when they were only in areas for short periods of time.
In light of these facts, Grove argues that Breitenstein assumed the risk of his injuries. Grove points out that Breitenstein was informed the day before his injuries of the drifting problem, and that the national standards for the safe operation of boom lifts require operators to report problems with boom lifts to their supervisors, which Breitenstein failed to do. Grove argues that Breitenstein could have turned the boom lift's power off to prevent it from drifting, or that he could have used a different boom lift, but that he voluntarily, knowingly, and unreasonably used the one that drifted.
But, despite Grove's assertions, we conclude that a genuine issue of material fact exists. While it is true that Breitenstein might have had some awareness that the boom lift drifted, a question of fact exists as to his appreciation of the extent of the problem. We cannot conclude that Breitenstein voluntarily, knowingly, and unreasonably assumed the risk of his injuries, because, viewing the evidence in the light most favorable to Breitenstein, we cannot conclude that the extent of the drifting problem was so obvious that Breitenstein must have known and appreciated it, or that his actions were "unreasonable" as a matter of law. We believe a jury question exists. And we cannot conclude as a matter of law that the doctrine of primary assumption of the risk should apply. Thus, with respect to the claims against Grove, we sustain Breitenstein's assignment. The trial court erred in granting summary judgment on those claims.
Therefore, the judgment of the trial court is affirmed regarding the claims against Du Pont. But, with regard to the claims against Grove, the judgment is reversed, and this cause is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part and reversed in part, and causeremanded.
 DOAN, P.J., and GORMAN, J., concur.
[1] Civ.R. 56(C).
[2] See Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103,113 N.E.2d 629, paragraph one of the syllabus.
[3] See Hirschbach v. Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206,452 N.E.2d 326, syllabus; see, also, Cafferkey v.Turner Constr. Co. (1986), 21 Ohio St.3d 110, 488 N.E.2d 189, syllabus.
[4] See Carrel v. Allied Prods. Corp. (1997), 78 Ohio St.3d 284,677 N.E.2d 795, paragraph two of the syllabus; R.C. 2315.20(B)(2).
[5] See Evanoff v. Grove Manuf. Co. (1994), 99 Ohio App.3d 339,343, 650 N.E.2d 914, 917.
[6] See Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 431, 659 N.E.2d 1232, 1236; Fergusonv. Cincinnati Gas Elec. Co. (1990), 69 Ohio App.3d 460, 462,590 N.E.2d 1332, 1333.