OPINION
{¶ 1} Plaintiff-appellant Agnes Bumgardner appeals from a summary judgment rendered against her in the Miami County Court of Common Pleas. Bumgardner contends that the trial court erred in granting summary judgment, because she demonstrated the existence of genuine disputes of fact material to her claims.
 {¶ 2} We agree with the trial court that in a slip-and-fall case, a finding that a hazard is open and obvious operates as a complete bar to recovery, since an owner of premises has no duty to warn about, or to remove, hazards that are open and obvious. However, we conclude that upon the evidence in this record, reasonable minds may disagree whether the hazard causing Bumgardner's fall was open and obvious. Therefore, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 3} This case arises from a July 28, 2000 slip-and-fall injury at the Wal-Mart store located in Troy. On that date, upon entering the store, Agnes Bumgardner tripped over a skid, or pallet, which was adjacent to the shopping cart carousel. The pallet was approximately six inches high, four feet wide, six feet long, and was located behind a broad red line on the floor. The pallet was holding a large display of soft drinks and all but approximately two feet of the pallet was covered by the stacks of soft drink cartons. The height of the soft drink stacks varied, with the tallest being approximately five feet high. At the time of the fall, Bumgardner, who was walking behind her husband, was looking at a display of merchandise. She did not see the pallet until after she fell.
 {¶ 4} Bumgardner filed a complaint against Wal-Mart, seeking damages for injuries sustained as a result of her fall. Wal-Mart filed an answer and, following discovery, a motion for summary judgment. The trial court, in rendering summary judgment against Bumgardner, found that the pallet was not unreasonably dangerous and that Wal-Mart had not violated any duty of care. The trial court further found that any danger posed by the pallet was open and obvious, thereby relieving Wal-Mart of any duty to warn Bumgardner. From this judgment, Bumgardner appeals.
 II {¶ 5} Bumgardner's Third Assignment of Error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THAT RECOVERY BY A PARTY INJURED AS A RESULT OF A DEFECTIVE CONDITION ON THE PREMISES OF ANOTHER IS NOT BARRED UPON A DETERMINATION THAT THE CONDITION WAS OPEN AND OBVIOUS; RATHER, SUCH A DETERMINATION IS BUT ONE FACTOR IN A COMPARATIVE NEGLIGENCE ANALYSIS."
 {¶ 7} Bumgardner argues that the trial court erred in granting summary judgment, because it improperly found that the openness and obviousness of the alleged hazard constituted a complete bar to recovery on her claims.
 {¶ 8} Our review of the trial court's decision to grant summary judgment against Bumgardner is de novo. Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Zivich v. Mentor SoccerClub, Inc., (Ohio 1998), 82 Ohio St.3d 367, 369-370, 1998-OH-389. In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that genuine issues of material fact exist as to whether (1) a defendant owed a duty of care, (2) the defendant breached this duty, and (3) the breach was the proximate cause of plaintiff's injury causing damage. See, Texler v. D.O. Summers Cleaners ShirtLaundry, 81 Ohio St.3d 677, 680, 1998-Ohio-602. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v. Timman (1997), 117 Ohio App.3d 544,549.
 {¶ 9} There is no dispute in this case that Bumgardner was a business invitee of Wal-Mart. Wal-Mart therefore owed Bumgardner a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition, in order to insure that she was not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, citation omitted. While Wal-Mart, as a premises owner, is not an insurer of its invitees' safety, it must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979),58 Ohio St.2d 357, 359.
 {¶ 10} A store owner is under no duty to protect business invitees from dangers "[that] are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Paschal, supra. Under the open-and-obvious doctrine, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious.Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644, 1992-OH-42. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning." Id. at 644. The open and obvious doctrine concerns the first element of negligence, whether a duty exists. See, Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Therefore, the open and obvious doctrine obviates any duty to warn of an obvious hazard, and acts as a bar to negligence claims for injuries related to the hazard.
 {¶ 11} In her appeal, Bumgardner argues that the viability of the open and obvious doctrine as a complete bar to negligence claims is questionable in light of recent case law. Specifically, she contends that in Texler v. D.O. Summers Cleaners Shirt Laundry Company, supra, the Ohio Supreme Court abrogated the open and obvious doctrine as a complete bar to recovery and has instead made it an issue of comparative negligence. In support, she cites Schindler v. Gale's SuperiorSupermarket, Inc. (2001), 142 Ohio App.3d 146, in which the Eighth District Court of Appeals held that the openness and obviousness of hazards must be analyzed in terms of causation rather than duty. Id. at 153.
 {¶ 12} In Texler, the plaintiff was injured when she tripped over a bucket that the defendant had placed on the sidewalk to prop open a door. Id. at 687. Following trial, a jury found that the defendant was negligent and that the negligence was the proximate cause of the plaintiff's injuries. Id. The jury also assessed one hundred percent of the negligence against the defendant. Id. The defendant filed motions for judgment notwithstanding the verdict and new trial which were denied by the trial court. Id. On appeal, the defendant argued that the trial court should have determined as a matter of law that the plaintiff was precluded from recovering because she was more than fifty percent negligent. Id. The Supreme Court found that reasonable minds could disagree whether the plaintiff's obligation to watch where she was walking caused her to be more than fifty percent negligent, so that the trial court did not err in overruling the motions. Id. at 681.
 {¶ 13} We note that the decision in Texler has resulted in a split of authority among Ohio's appellate districts, and that the Ohio Supreme Court has accepted review of the question upon a certification of a conflict. See, Armstrong v. Best Buy Co. (Dec. 12, 2001), Lorain App. No. 01CA007848, 2001-Ohio-1934, cert. granted, (2002), 765 N.E.2d 878.
 {¶ 14} We reject Bumgardner's argument. First, Texler does not directly address the open-and-obvious doctrine, and there is no clear indication that the Supreme Court in that case intended to reject the doctrine. Second, we agree with the Ninth District Court of Appeals in Armstrong, which concluded that a close reading of Texler indicates that the Supreme Court was focusing solely upon the proximate cause prong of negligence in determining plaintiff's contributory negligence, and did not consider the duty prong.
 {¶ 15} We conclude that the Supreme Court did not obviate the open and obvious doctrine in Texler, and we find no other opinion by that Court indicating that the doctrine is no longer viable. Therefore, we decline to adopt the position taken by the Schindler court. We conclude that the open and obvious doctrine exists, relates to the duty prong of negligence, and acts as a bar to recovery.
 {¶ 16} Alternatively, Bumgardner argues that the open and obvious doctrine should be considered an element of comparative negligence rather than an issue of duty because it is similar to the doctrine of assumption of the risk. In support, she argues that the open and obvious doctrine "has its roots in [the defense of] assumption of the risk" which has been merged with contributory negligence in Anderson v. Ceccardi (1983),6 Ohio St.3d 110. She cites this court's case of Borchers v. WinzelerExcavating Co. (1992), 83 Ohio App.3d 268, which she claims holds that "an open and obvious condition invokes assumption of the risk principles and such would not be a complete bar to recovery unless the plaintiff expressly assumed the risk of the defendant's conduct."
 {¶ 17} It is important to note that under Ohio law there are three types of assumption of the risk: express, primary and implied.[1]
Implied assumption of the risk "assumes establishment of a prima facie case (including the duty element), and therefore is a traditional affirmative defense." Gallagher v. Cleveland Browns Football Co.,74 Ohio St.3d 427, 438, fn. 3, 1996-OH-320. Implied assumption of the risk requires that a plaintiff consent to, or acquiesce in, an appreciated or known risk, or involves a risk so obvious that the plaintiff must have known and appreciated it. Benjamin v. Deffet Rentals
(1981), 66 Ohio St.2d 86, 89. Upon the enactment of the comparative negligence statute [R.C. 2315.19], the defense of implied assumption of risk merged with the defense of contributory negligence. Anderson, supra, at 113. Therefore, implied assumption of risk is considered to be an issue of causation, not of duty.
 {¶ 18} We reject the plaintiff's argument equating the open-and-obvious doctrine with the implied-assumption-of-risk doctrine. The two are separate doctrines. The first goes to duty, the second goes to causation. The open-and-obvious doctrine applies an objectively-reasonable-person standard of what the plaintiff should have known, while implied-assumption-of-risk uses the more subjective standard of what the plaintiff actually knew, or must have known under the circumstances. Implied assumption of the risk requires that the risk be known or appreciated, or be so obvious that it must have been known and appreciated. While the question of whether a risk must have been known and appreciated may be affected by the risk's obvious nature, this is not the same issue as the issue addressed by the open-and-obvious doctrine. For example, a hazard may be open and obvious, thereby negating any duty on the part of a store owner to remove, or to warn against, the hazard. But if a plaintiff does not see the hazard, despite its obviousness, we cannot say that she assumed the risk, because she did not know or appreciate the risk, and she certainly did not acquiesce or consent to it.
 {¶ 19} We conclude that the open-and-obvious doctrine remains an absolute bar to recovery. We further conclude that the open-and-obvious doctrine is distinct from the defense of implied assumption of risk, and the fact that implied assumption of the risk is an issue of comparative negligence and causation does not mandate that the open-and-obvious doctrine be likewise considered an issue of comparative negligence and causation.
 {¶ 20} The Third Assignment of Error is overruled.
 III {¶ 21} Bumgardner's First and Second Assignments of Error are as follows:
 {¶ 22} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THAT REASONABLE MINDS COULD CONCLUDE THAT THE PRESENCE OF A PARITIALLY [SIC] EMPTY STACK BASIN ON A DISPLAY FLOOR WAS UNREASONABLY DANGEROUS.
 {¶ 23} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THAT A GENUINE ISSUE OF FACT REMAINED AS TO WHETHER OR NOT A PARTIALLY EMPTY STACK BASIN ON A DISPLAY FLOOR WAS OPEN AND OBVIOUS."
 {¶ 24} Bumgardner contends that the trial court erred in rendering summary judgment against her. In support, she contends that a reasonable person, considering the evidence, might find that the pallet constituted an unreasonable danger, and that it was not an open and obvious hazard.
 {¶ 25} Wal-Mart had a duty to keep its premises reasonably safe from hazards. If an alleged "hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant." Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50-51. However, summary judgment is improper if reasonable minds could differ with regard to issues of material fact.
 {¶ 26} Viewing the evidence in a light most favorable to Bumgardner, we find that reasonable minds may disagree whether the pallet was an unreasonable danger and whether it was open and obvious. From the photographs submitted in evidence, and relied upon by the trial court, it appears that the pallet was located at the end of, but at the back side of, a row of shelves that were stocked with merchandise. It also appears that a reasonable person could find that the pallet was located in an area where a customer would be expected to turn or change direction. A reasonable person could also differ in determining whether the position of the portion of the pallet not covered with cartons of soft drinks was obscured by the row of shelves to which it was adjacent, and whether it constituted an unreasonable tripping hazard.
 {¶ 27} Therefore, we cannot say as a matter of law that it did not constitute a danger, or that it was open and obvious. Thus, we conclude that the trial court erred in rendering summary judgment for Wal-Mart.
 {¶ 28} The First and Second Assignments of Error are sustained.
 IV {¶ 29} Bumgardner's Third Assignment of Error having been overruled, and her First and Second Assignments of Error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.
WOLFF, P.J., and YOUNG, J., concur.
[1] Express assumption of the risk is not applicable to this case. It arises when a person contracts with another not to sue for future injuries caused by another's negligence. See, Anderson, supra, at 114. Primary assumption of the risk is generally applied in cases in which the defendant owes no duty to the plaintiff as a matter of law, and acts as an absolute bar to a claim of negligence because some known risks are unavoidably inherent in certain activities, like contact sports. Neither of these doctrines is applicable herein. Ferguson v. Cincinnati Gas Electric Co. (1990), 69 Ohio App.3d 460, 462.