DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in favor of David L. Burt, the Chillicothe Board of Education, and Chillicothe High School,[1] defendants below and appellees herein.
 {¶ 2} Jonathan Cave, plaintiff below and appellant herein, raises the following assignments of error for review:
 {¶ 3} First assignment of error:
 {¶ 4} "The trial court erred in holding that assumption of the risk applied barring appellant's personal injury claim. not only was this an incorrect application of ohio law, but disputed facts existed which barred any summary judgment finding under the facts presented here."
 {¶ 5} Second assignment of error:
 {¶ 6} "Defendants are not immune from liability under R.C. Chapter 2744."
 {¶ 7} On April 27, 2000, appellant and Burt, 18 year-old seniors at Chillicothe High School, were transporting baseball equipment on the trunk of Burt's car from the school building to the practice field. Appellant sat on the trunk of Burt's car for the drive to the baseball field. When Burt began to drive off, appellant fell from the trunk and sustained injuries.
 {¶ 8} Appellant subsequently filed a complaint against appellees and claimed that (1) Burt negligently operated his vehicle while appellant sat on the trunk of the vehicle, and (2) the school negligently supervised the students.
 {¶ 9} On April 14, 2003, the school filed a summary judgment motion and asserted that the defense of primary assumption of the risk barred appellant's claims. The school maintained that appellant voluntarily placed himself upon the trunk of Burt's vehicle and that "it is certainly within the common knowledge of reasonable people that riding on the exterior of vehicles involves a great deal of risk." The school alternatively argued that the defense of implied assumption of the risk barred appellant's claims, or that it is entitled to immunity under R.C.2744.03(A)(3) and (5). On April 28, 2003, Burt filed a summary judgment motion and asserted that primary assumption of the risk applied to bar appellant's claims. On May 12, 2003, appellant filed a memorandum contra to appellees' motions. Appellant argued that he did not assume the risk of being injured while riding on the trunk of Burt's car.
 {¶ 10} On June 2, 2003, the trial court granted summary judgment in appellees' favor. The court found that it was undisputed that appellant voluntarily placed himself on the trunk of Burt's car and that appellant knew that Burt would be driving the car with appellant on the trunk. The court wrote:
"No reasonable person could question that riding on the trunk of a moving car, even under the most safe and guarded conditions, is an inherently dangerous activity. Since [appellant] voluntarily exposed himself to an obvious and known danger, [appellees] did not owe [appellant] any duty as a matter of law."
 {¶ 11} In his two assignments of error, appellant argues that the trial court erroneously entered summary judgment in appellees' favor. First, appellant asserts that the court improperly concluded that the doctrine of assumption of the risk barred his claims. He argues that a signed release is required for the doctrine to apply and that while he may have assumed the risk inherent in playing baseball, he did not assume the risk of being injured while transporting baseball equipment. Second, he disputes the school's argument that it is immune from liability.
 {¶ 12} We initially note that when reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law. Civ.R. 56(C) provides, in relevant part, as follows:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 13} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 14} Applying the foregoing principles to the case at bar, we conclude that the trial court properly granted summary judgment in appellees' favor. A successful negligence claim requires the plaintiff to prove that the defendant owed a duty. See, e.g., Armstrong v. Best Buy,99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 8. It is well-established that the existence of a duty is a question of law for the court to decide. See, e.g., Wallace v. Ohio Dept. of Commerce,96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, at ¶ 22.
 {¶ 15} Primary assumption of the risk is the doctrine that a defendant has no duty to protect against certain risks that are so inherent in an activity that those risks cannot be eliminated. See, e.g., Gallagher v.Cleveland Browns Football Co. (1996), 74 Ohio St.3d 427, 431,659 N.E.2d 1232, citing Prosser Keeton, Law of Torts (5 Ed. 1984) 496-497, Section 68; Anderson v. Ceccardi (1983), 6 Ohio St.3d 110, 114,451 N.E.2d 780. It is based on the fiction that the plaintiff has "tacitly consented" to the risk. Collier v. Northland Swim Club (1987),35 Ohio App.3d 35, 37, 518 N.E.2d 1226. The rationale for the doctrine is that "`[t]he law simply deems certain risks as accepted by plaintiff regardless of actual knowledge or consent.'" Gentry v. Craycraft,101 Ohio St.3d 141, 2004-Ohio-379, 802 N.E.2d 1116, at ¶ 12 (quoting Susan M. Gilles, From Baseball Parks to the Public Arena: Assumption of the Risk in Tort Law and Constitutional Libel Law (2002), 75 Temple L.Rev. 231, 236 (footnotes omitted). A defendant may invoke the doctrine of primary assumption of the risk to completely bar a plaintiff's negligence claim when the plaintiff, by contract or otherwise, expressly agrees to accept a risk of harm arising from the defendant's negligent or reckless conduct. Gallagher, 74 Ohio St.3d at 431-32; Restatement of the Law (Second), Torts, Section 496B. A plaintiff who has made a primary or express assumption of risk is totally barred from recovery. Id. Primary assumption of the risk will apply to bar a plaintiff's claim when the risks involved in the activity are so directly associated with that activity so as to be inherent in it. Sproles v. Simpson Fence Co.
(1994), 99 Ohio App.3d 72, 78, 649 N.E.2d 1297; see, also, CincinnatiBase Ball Club Co. v. Eno (1925), 112 Ohio St. 175, 147 N.E. 86; Whismanv. Gator Invest. Properties, Inc. (2002), 149 Ohio App.3d 225, 236,776 N.E.2d 1126; Ferguson v. Cincinnati Gas Elec. Co. (1990),69 Ohio App.3d 460, 462, 590 N.E.2d 1332. The doctrine applies when the activity undertaken involves such obvious and unavoidable risks that no duty of care attaches as a matter of law. See Gallagher,74 Ohio St.3d at 432 (stating that primary assumption of the risk applies when "the activity undertaken involves such obvious and unavoidable risks that no duty of care is said to attach"); Holmes v. Health Tennis Corp. ofAm. (1995), 103 Ohio App.3d 364, 659 N.E.2d 812. A plaintiff who reasonably chooses to proceed in the face of a known risk is deemed to have relieved the defendant of any duty to protect him. See Siglow v.Smart (1987), 43 Ohio App.3d 55, 539 N.E.2d 636.
 {¶ 16} For example, courts have applied primary assumption of the risk to bar a plaintiff's claim when the plaintiff attempted to remove a manhole cover with a pick from an elevated area, Fulton v. McCarthyBrothers Co., (July 25, 1996), Cuyahoga App. No. 69900, when the plaintiff voluntarily chose to attempt to cross railroad tracks even though overpass bridges were within blocks in either direction of the area where the public could cross safely, Miljkovic v. Greater ClevelandRegional Trans. Auth. (Oct. 12, 2000), Cuyahoga App. No. 77214, when the plaintiff engaged in rope swinging, see Vorum v. Joy Outdoor EducationCtr. (Dec. 21, 1998), Warren App. No. CA98-06-072, and when the plaintiff engaged in "bungee bouncing," a "close cousin" of bungee jumping, seeBlankenship v. CRT Tree, Cuyahoga App. No. 80907, 2002-Ohio-5354.
 {¶ 17} In contrast to primary assumption of the risk, a defendant may invoke the doctrine of secondary or implied assumption of the risk when the plaintiff consents to or acquiesces in an appreciated, known, or obvious risk to the plaintiff's safety. See Wever v. Hicks (1967),11 Ohio St.2d 230, 228 N.E.2d 315, paragraph one of the syllabus;Bundschu v. Naffah (2002), 147 Ohio App.3d 105, 112-13, 768 N.E.2d 1215. Secondary or implied assumption of the risk exists when a plaintiff, who fully understands the risk of harm to himself, nevertheless voluntarily chooses to subject himself to it, under circumstances that manifest his willingness to accept the risk. See Benjamin v. Deffet Rentals (1981),66 Ohio St.2d 86, 89, 419 N.E.2d 883; Restatement of the Law (Second), Torts, Section 496C. In implied assumption of risk cases, the defendant owes the plaintiff a duty, but because the plaintiff knew of the danger involved and acquiesced to it, the plaintiff's claim may be barred under comparative negligence principles. Anderson, 6 Ohio St.3d at 113.
 {¶ 18} Under R.C. 2315.19, the comparative negligence statute, the defense of implied assumption of risk merged with the defense of contributory negligence. Anderson, paragraph one of the syllabus. Because R.C. 2315.19 requires apportionment of the relative degrees of fault between plaintiff and defendant, questions concerning implied assumption of risk are generally for the jury to determine, especially when there is conflicting evidence as to plaintiff's contributory negligence. SeeCollier v. Northland Swim Club (1987), 35 Ohio App.3d 35, 39,518 N.E.2d 1226. However, when no dispute exists as to any material fact and when "`the plaintiff's negligence was so extreme as a matter of law that no reasonable person could conclude that plaintiff was entitled to recover" is the granting of summary judgment appropriate.'" Brady Frayv. Toledo Edison Co., Lucas App. No. L-02-1260, 2003-Ohio-3422 (quotingCollier, 35 Ohio App.3d at 39).
 {¶ 19} In the case sub judice, we agree with the trial court's conclusion that appellant voluntarily assumed the risks inherent in riding on the trunk lid of a car. Riding on a car's trunk lid, like rope swinging, bungee bouncing, or crossing railroad tracks, is inherently dangerous and the risks associated with it cannot be eliminated. Thus, the doctrine of primary assumption of the risk bars appellant's claims against appellees.
 {¶ 20} Accordingly, we do not believe that the doctrine of implied assumption of the risk applies to the facts in the instant case. Even if it did, however, appellant's "`negligence was so extreme as a matter of law that no reasonable person could conclude that plaintiff was entitled to recover,'" and, thus, summary judgment is appropriate. See BradyFray, supra.
 {¶ 21} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error and affirm the trial court's judgment. Our disposition of appellant's first assignment of error renders his second assignment of error moot, and we therefore decline to address it. See App.R. 12(A)(1)(c).
Judgment affirmed.
[1] Chillicothe Board of Education and Chillicothe High School will be referred to throughout this opinion as "the school."